1   **WO**

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9    Jodi Strand, an Arizona resident,        )   No. CV-10-02112-PHX-NVW
                                              )
10                    Plaintiff,              )   **ORDER**
                                              )
11   vs.                                      )
                                              )
12                                            )
     John C. Lincoln Health Network, Inc., an )
13   Arizona corporation; and John C. Lincoln,)
     LLC, an Arizona limited liability        )
14   company,                                 )
                                              )
15                    Defendants.             )
                                              )
16   _____  )

17        Before the Court is Defendant John C. Lincoln Health Network, Inc.'s Partial Motion

18   to Dismiss.  (Doc. 6.)  The Court will grant the motion.

19        **I.      Legal Standard**

20        To state a claim for relief under Rule 8, a plaintiff must make "'a short and plain

21   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl.*

23   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  This "short and plain

24   statement" must also be "plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

25   (2009).  A claim is plausible if it contains sufficient factual matter to permit a reasonable

26   inference that the defendant is liable for the conduct alleged.  *Id.*  A proper complaint needs

27   no "formulaic recitation of the elements of a cause of action," *see Twombly*, 550 U.S. at 555,

28   but the plaintiff must at least "allege sufficient facts to state the elements of [the relevant]

1   claim," *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

2   All of the plaintiff's plausible factual allegations are accepted as true and the pleadings are

3   construed in a light most favorable to the plaintiff.  *Knievel v. ESPN*, 393 F.3d 1068, 1072

4   (9th Cir. 2005).

5          **II.    Alleged Facts**

6          Plaintiff Jodi Strand has worked as a registered nurse at Defendant Lincoln Health's

7   North Mountain Hospital since August 2005.  At the time she was hired, she informed

8   Lincoln Health that she is allergic to latex.  She has never had an allergic reaction to latex

9   at North Mountain Hospital, however, because it provides latex-free alternatives to products

10  that would normally contain latex.

11         In March 2008, while receiving physical therapy for an injury to her wrist, Strand was

12  exposed to latex products and suffered an allergic reaction requiring hospitalization.  She

13  returned to work soon after, but was called into a meeting with human resources personnel

14  in April 2008 to discuss the extent of her allergy.  At that meeting, one of Strand's

15  supervisors asked Strand to submit a "Reasonable Accommodation Request Form,"

16  apparently as formal documentation of her need to avoid latex.  Strand refused to submit a

17  Reasonable Accommodation Request Form at that time.  Since then, some of Strand's

18  coworkers and supervisors have commented or asserted that she should be "looking for

19  another job."

20         In November 2008, Strand suffered chest pain while on duty, requiring hospitalization

21  to ensure that Strand was not suffering a heart attack.  Strand does not state what caused this

22  chest pain, but claims that it was not a heart attack, and it was unrelated to her latex allergy.

23  When she returned to work, however, she was again called into a human resources meeting

24  and informed that she would be placed on administrative leave.  At that meeting, Strand was

25  "coerced" to fill out the Reasonable Accommodation Request Form, requesting "latex free

26  gloves which are already available on the unit."

27         Strand's administrative leave began on or about November 21, 2008.  For the next

28  several weeks, Lincoln Health required additional documentation on Strand's allergy.  This

1  additional information apparently satisfied Lincoln Health, and it permitted Strand to return

2  to work on January 14, 2009, by which time she had suffered economic injuries such as loss

3  of wages and loss of vacation and sick leave time.  Strand remains employed with Lincoln

4  Health to this day.

5  ### III.   Procedural History

6  Strand filed a discrimination charge with the EEOC on January 13, 2009, claiming

7  that her treatment at work, especially the forced administrative leave, violated her rights

8  under the Americans With Disabilities Act (ADA).  On the same day, she filed a similar

9  charge with the Arizona Attorney General's Civil Rights Division.[1]  On May 7, 2010, the

10  EEOC issued a right-to-sue letter.  The record contains no information about what the Civil

11  Rights Division chose to do.

12  Strand filed this lawsuit in Maricopa County Superior Court on August 9, 2010,

13  asserting six causes of action: (1) violation of the ADA; (2) violation of the Arizona Civil

14  Rights Act (ACRA); (3) breach of contract, based on the otherwise unsubstantiated allegation

15  that "her employment with [Lincoln Health] constitutes an enforceable contract"; (4) breach

16  of the covenant of good faith and fair dealing implied in the alleged employment contract;

17  (5) "false light" invasion of privacy, based on the allegation that Lincoln Health "unlawfully

18  intercepted, disclosed, and used [Strand's] private [medical] information"; and (6) "unlawful

19  disclosure of private information," based on the same allegation.  Lincoln Health removed

20  to this Court and has moved to dismiss causes of action two through six (*i.e.*, everything

21  except Strand's ADA claim).

22

23

24

25

26  [1]Strand's complaint says that she filed with the Civil Rights Division on January 13,
27  2010, rather than January 13, 2009.  In response to Lincoln Health's motion to dismiss,
   Strand asserted "2010" was a typo, and should have been "2009" — the same day she filed
28  with the EEOC.

1    **IV.    Analysis**

2        **A.    Strand's ACRA Claim**

3        The Court agrees with Lincoln Health that Strand's ACRA claim is time-barred.

4    ACRA requires parties to file suit within one year of filing a discrimination charge with the

5    Civil Rights Division.  A.R.S. § 41-1481(D) ("In no event shall any action be brought

6    pursuant to this article more than one year after the charge to which the action relates has

7    been filed.").  Strand filed with the Civil Rights Division on January 13, 2009.  She did not

8    bring suit until August 9, 2010.  Her ACRA claim must therefore be dismissed without leave

9    to amend.

10       **B.    Strand's Contract Claims**

11       As noted above, Strand's contract-based claims rely on the allegation that "her

12   employment with [Lincoln Health] constitutes an enforceable contract."  In response to

13   Lincoln Health's motion to dismiss, Strand clarifies that "Defendant's actions and statements

14   created an express or implied contract."   Lincoln Health counters that the Arizona

15   Employment Protection Act, A.R.S. § 23-1501, renders all alleged employment contracts

16   unenforceable unless in writing and signed by both parties.  Lincoln Health also argues that

17   Strand's contract claims are time-barred by Arizona's one-year statute of limitations for

18   employment contract actions.  A.R.S. § 12-541(3).

19       The Court will not reach the issue of whether the Arizona Employment Protection Act

20   defeats Strand's claim.  That act specifically addresses whether a terminated employee can

21   sue for breach of contract.  Strand was never terminated.  The act  might still apply, but the

22   Court has received no briefing on this issue.  Accordingly, the Court will not decide it.

23       The Court will, however, dismiss Strand's contract causes of action for failure to meet

24   the pleading requirements established in Fed. R. Civ. P. 8(a).  "To bring an action for the

25   breach of the contract, the plaintiff has the burden of proving the existence of the contract,

26   its breach and the resulting damages." *Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656,

27   657 (1975).  Further, in Arizona, "employment contracts without express terms are

28   presumptively at will," and it is the employee's burden to overcome that presumption.

1  *Demasse v. ITT Corp.*, 194 Ariz. 500, 505, 984 P.2d 1138, 1143 (1999).  Although Strand

2  need not prove these elements at the motion-to-dismiss phase, she must at least plausibly

3  allege them.

4        Here, Strand has not plausibly alleged the existence of a contract implied by words

5  or conduct.  She has alleged only that "her employment with [Lincoln Health] constitutes an

6  enforceable contract" and that "Defendant's actions and statements created an express or

7  implied contract."  Such "[t]hreadbare recitals of the elements of a cause of action, supported

8  by mere conclusory statements," are "not entitled to the assumption of truth."  *Iqbal*, 129 S.

9  Ct. at 1949, 1951.  Strand has therefore not alleged "enough facts to state a claim to relief

10  that is plausible on its face."  *Twombly*, 550 U.S. at 570.

11        This is not a case in which the facts necessary to make her claim plausible are in the

12  defendant's sole possession.  *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d

13  Cir. 2010) ("[t]he *Twombly* plausibility standard . . . does not prevent a plaintiff from

14  pleading facts alleged upon information and belief where the facts are peculiarly within the

15  possession and control of the defendant" (internal quotation marks and citations omitted));

16  *Brenes-Laroche v. Toledo Davila*, 682 F. Supp. 2d 179, 187 (D.P.R. 2010) ("We understand

17  the difficulty faced by many civil rights litigants in Plaintiff's position who are not armed

18  with sufficient facts, more likely to be found in Defendants' possession, to survive *Iqbal*'s

19  pleading standard at this pre-discovery stage of litigation.").  If "actions and statements

20  created an express or implied contract," as Strand alleges, then Strand should specify those

21  actions and statements, describe the contractual terms they created, and identify how Lincoln

22  Health breached those terms.  Absent such specifics, she has not stated a plausible breach of

23  contract claim, especially in the context of an unwritten employment contract created by

24  words or conduct.  The Court will dismiss that cause of action.  And because the covenant

25  of good faith and fair dealing is implied in contracts, and therefore depends on the existence

26  of a contract, the Court will dismiss Strand's good faith and fair dealing cause of action.

27        The Court will also dismiss Strand's contract-based claims for failure to sue within

28  the one-year limitations period set forth in A.R.S. § 12-541(3).  Strand obviously filed her

complaint more than one year after returning from administrative leave — and being placed on administrative leave is the only supposed breach of contract that the Court can discern from the complaint — but she argues that her claim should be equitably tolled on account of her pending civil rights charges with the EEOC and state Civil Rights Division. However, *Johnson v. Railway Express Agency*, 421 U.S. 454 (1975), resolves this issue, laying down the principle that EEOC proceedings, although a prerequisite to bring suit for employment discrimination, do not toll the statute of limitations for separate causes of action arising from the same facts. The Court will therefore dismiss Strand's contracts claims. This dismissal will be without leave to amend because the failure to file within the limitations period makes any attempted amendment to this claim futile.

### C.    Strand's False Light Cause of Action

According to the Restatement (Second) of Torts:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Restatement (Second) of Torts* § 652E (1977). Arizona has adopted this Restatement section, *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 342, 783 P.2d 781, 788 (1989), with one important difference. According to the Restatement, "it is essential to the [false light cause of action] that the matter published concerning the plaintiff is not true." *Restatement (Second) of Torts* § 652E cmt. a. In Arizona, however, "[a] false light cause of action may arise when something untrue has been published about an individual, *or* when the publication of true information creates a false implication about the individual." *Godbehere*, 162 Ariz. at 341, 783 P.2d at 787 (citation omitted; emphasis in original).

Strand relies on the true information/false implication theory for her false light claim. Strand alleges that, soon after her April 2008 hospitalization, certain coworkers began

suggesting that she should look for a new job.  Strand therefore infers that her employer disseminated information about her allergy to those who had no need to know, leading certain coworkers to conclude that Strand was not qualified for her job.  Lincoln Health argues that Strand's cause of action fails because her allergy was not published to the "public," but at most (taking Strand's allegations as true) to a few members of the hospital staff.  Lincoln Health also argues that any such publication was qualifiedly privileged because some coworkers had a legitimate need to know.

The Court finds as a matter of law that Lincoln Health's dissemination of Strand's latex allergy to a small number of hospital employees was not to the "public," and in any event, it was justified — a latex allergy in a hospital could be a matter of life and death.  Also, publicization of a latex allergy is not "highly offensive" as a matter of law.  A latex allergy is a far cry from a venereal disease, for example.  The Court will therefore dismiss Strand's false light claim without leave to amend.

### D.  Strand's Public Disclosure of Private Information Cause of Action

Strand's final cause of action relies on a tort that Arizona courts apparently have not recognized explicitly: public disclosure of private facts.  However, Arizona courts have generally shown favor toward to the Restatement's "invasion of privacy" torts, such as false light.  Public disclosure of private facts is also an invasion of privacy tort, and the Court therefore assumes that Arizona would adopt the Restatement test:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
> (a) would be highly offensive to a reasonable person, and
> (b) is not of legitimate concern to the public.

*Restatement (Second) of Torts* § 652D.

Similar to her false light claim, Strand claims that Lincoln Health illegitimately publicized her medical conditions to coworkers.  Lincoln Health argues that such publication, if it happened, could not be highly offensive to a reasonable person.  The Court has already ruled as a matter of law that publicization of a latex allergy is not highly offensive, and that

1   Lincoln Health did not disseminate information to the "public."  The Court will therefore

2   dismiss this claim without leave to amend.

3          IT IS THEREFORE ORDERED that John C. Lincoln Health Network, Inc.'s Partial

4   Motion to Dismiss (Doc. 6) is GRANTED.

5          DATED this 31st day of March, 2011.

6

7   _____

                    Neil V. Wake
8            United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -